[Cite as *Stevenson v. Ohio Dept. of Transp., Dist. 12*, 2011-Ohio-2740.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL CLARK STEVENSON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

    Defendant

    Case No. 2010-11099-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Daniel Clark Stevenson, filed this action against defendant, Department of Transportation (ODOT) contending his 1999 Aero Travel Trailer was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on US Route 322 in the Village of Gates Mills, Ohio. Specifically, plaintiff explained his 1999 Aero Travel Trailer was damaged when the top of the vehicle "struck a very low hanging (tree) limb" spanning the right lane of US Route 322 "½ mile west of SR 174." Plaintiff recalled his described damage event occurred on July 21, 2010 at approximately 7:15 p.m. In his complaint, plaintiff requested damages in the amount of $1,062.65, the complete cost of repairs he incurred as a result of the vehicle striking the overhanging tree limb on US Route 322 in Gates Mills. The filing fee was paid.

{¶ 2} Defendant filed an investigation report asserting the site on US Route 322 where plaintiff's incident occurred "falls under the maintenance jurisdiction of the Village of Gates Mills" and consequently, ODOT is not the proper party defendant in this action. Defendant explained ODOT "is only responsible for maintaining centerlines and

snowplowing on US 322 within the Village of Gates Mills." Defendant related, "the Village of Gates Mills is responsible for the maintenance of the roadway upon which plaintiff's incident occurred." Defendant requested the court dismiss plaintiff's claim.

**{¶ 3}** Defendant submitted a copy of a 1986 Village of Gates Mills Ordinance which outlines ODOT's statutory responsibilities for roadway maintenance on US Route 322 inside the village corporation limits. This Ordinance No. 2198 provides in pertinent part that ODOT shall be granted authority to maintain the roadway centerlines and conduct snow removal operations on state highways inside the village corporation. Furthermore, Ordinance No. 2198 states:

**{¶ 4}** "WHEREAS, This ordinance shall in no manner relieve or discharge the village from any claim or claims of any nature arising from, or growing out of, the work by the Department of Transportation of the State of Ohio on said highways in said village, and said Village shall save the State of Ohio harmless from any and all such claims."

**{¶ 5}** After reviewing all the evidence submitted in this action, the court concludes ODOT is not the proper party defendant in this action. Based on the language of the Village of Gates Mills Ordinance No. 2198 (referenced above), the Village assumed responsibility for any claims arising from maintenance activity attributable to ODOT.

**{¶ 6}** R.C. 2743.01(A) and (B) provide:

**{¶ 7}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions.

**{¶ 8}** "(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

**{¶ 9}** R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 10}** "(A)(1) The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between

private parties ***.”

**{¶ 11}** Furthermore, R.C. 2743.03(A)(1) provides in pertinent part:

**{¶ 12}** “(A)(1) There is hereby created a court of claims.  The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code ***.”

**{¶ 13}** Based on the facts of this claim, plaintiff's action does not lie against the state, but rather a political subdivision.   Consequently, the court does not have jurisdiction over either entity and therefore plaintiff's claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DANIEL CLARK STEVENSON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 12

     Defendant

     Case No. 2010-11099-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Daniel Clark Stevenson
7001 Mayfield Road
Chesterland, Ohio 44026

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
3/2
Filed 3/9/11
Sent to S.C. reporter 5/27/11